IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MICHAEL L. JONES                                                                      PETITIONER

v.                                          Civil No. 4:99-cv-4134

WENDY KELLY[1], Director,
Arkansas Department of Correction                                                     RESPONDENT

**REPORT AND RECOMMENDATION**

    Petitioner, MICHAEL L. JONES, (hereinafter "Jones") an inmate confined in the Arkansas Department of Corrections, has filed a Motion for Relief from Judgment pursuant to FED.R.CIV.P. 60(b)(6), seeking relief from the judgment which dismissed his petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. ECF No. 77.[2] This matter was referred to the undersigned for a report and recommendation. Because I find this Court lacks jurisdiction, I have not ordered a response from the State and recommend denial of the Motion.

**1. Procedural Background**:

    **a. State Court Proceedings**: In 1996, Michael Jones was convicted of capital murder in Hempstead County, Arkansas, and sentenced to life imprisonment without parole in the Arkansas Department of Correction. Jones directly appealed his conviction. The Arkansas Supreme Court affirmed the conviction and sentence, holding as follows:

> There is ample evidence of his guilt, and appellant does not challenge the sufficiency
> of the evidence to convict him; so we need not set out the facts in further detail. His

---

[1] Wendy Kelley, the current director of the Arkansas Department of Correction, is automatically substituted as a party pursuant to FED. R. CIV. P. 25(d).

[2] Jones filed the original Motion (ECF No. 76) on March 4, 2015. Thereafter he filed an Amended Motion (ECF No. 77). The Amended Motion is the live pleading in this matter and all references to "the Motion" refer to that pleading.

-1-

> sole point on appeal is that Ark. Code Ann. § 5–10–101 (Supp.1995), the capital–murder statute is unconstitutional due to the "overlap" in the definitions of the capital–felony murder and first-degree felony murder. Ark. Code Ann. § 5–10–102 (Repl.1993).
> . . .
> [A]ppellant's argument has no merit. It is impossible to avoid the use of general language in the definition of offenses.

*Jones v. State*, 328 Ark. 307, 308, 942 S.W.2d 851, 852 (1997).

On June 24, 1997, Jones filed a timely petition for post-conviction relief pursuant to Ark. R. Crim. P. 37. The trial court denied the petition. The Arkansas Supreme Court dismissed the appeal because Jones failed to timely file an opening brief in conformity with the court's abstracting requirements despite being granted multiple extensions of time. *See Jones v. State*, 1999 WL 360268 (Ark. June 3, 1999) (*per curiam*).

**b. Prior Proceedings in this Court**: On November 4, 1999, Jones filed his first Petition for *Habeas Corpus* relief pursuant to 28 U.S.C. § 2254 in this proceeding. ECF No 1. Following a hearing, this Court, denied the Petition as procedurally barred. ECF No. 45-46. Jones sought to appeal the denial of his petition and the United States Court of Appeals for the Eighth Circuit denied Jones's request for a certificate of appealability on July 3, 2002.

In August 2013, Jones attempted to file a second petition for *habeas corpus* relief in this Court. On August 12, 2013, the Clerk of this Court, acting at the direction of the undersigned, returned, the petition to Jones and directed him to seek permission from the Eighth Circuit before filing the second and successive petition. Jones filed his Petition for Permission to File a Successive Habeas Petition on February 14, 2014. In this petition, Jones indicated he wanted to raise ineffective assistance of counsel claims arising out of his 1999 conviction for capital murder. Some of these claims he had raised previously and some were new. He acknowledged his claims were now procedurally defaulted but asserted such default should be excused pursuant to *Martinez v. Ryan*,

___ U.S. ___, 132 S.Ct. 1309 (2012), and *Trevino v. Thaler*, ___ U.S. ___, 133 S.Ct. 1911 (2013). He contended *Martinez* and *Trevino* created a new rule of constitutional law which was made retroactive by the Supreme Court.

The Eighth Circuit, without addressing the merits of his petition, denied the request for leave to file a successive petition on July 7, 2014. *See Jones v. Hobbs*, No. 14-1342, (8th Cir. 2014).

**2. Discussion**:

Jones now files a motion pursuant to Rule 60(b)(6) seeking "to reopen the 1996 Habeas Corpus Proceeding" pursuant to the recent Supreme Court decision in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012). He seeks relief pursuant to Rule 60(b)(6) which provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> * * *
>
> (6) any other reason that justifies relief.

Just as in his application to file a successive petition, which was denied last year by the Eighth Circuit, he asserts *Martinez* and *Trevino* create an exception to the procedural default rule. He also cites *Sasser v. Hobbs*, 735 F.3d 833 (8th Cir. 2013) for the proposition an evidentiary hearing is required in his case.[3] He raised this exact argument before the Eight Circuit seeking permission to file a successive *habeas* petition, and the Eighth Circuit denied his request as noted above.

He couches his current petition as a motion pursuant to FED.R.CIV.P. 60(b)(6).  According to Jones's reading of Rule 60(b), this Court can "reopen" a prior order denying a *habeas corpus* petition if "to the extent it is not inconsistent with the anti-terrorism and effective Death Penalty Act

---

[3] The Eighth Circuit did remand *Sasser* for an evidentiary hearing, stating: " On remand, after giving Sasser an opportunity to present evidence related to these four claims, the district court should determine whether any of these claims merits relief." *Sasser*, 735 F.3d at 854.

of 1996." ECF No. 77, p. 10.

Jones cites *Gonzalez v. Crosby*, 545 U.S. 524 (2005) for this proposition. *Gonzalez* does not support Jones's claims here. The Supreme Court stated in *Gonzalez*:

> Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction-even claims couched in the language of a true Rule 60(b) motion-circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts. § 2244(b)(2).

*Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). Indeed, a petitioner seeking relief under Rule 60 (b)(6) "must demonstrate extraordinary circumstances justifying the reopening of a judgment." *See id* at 535. Jones asserts the Court should reopen his case and consider whether his claim of ineffective assistance of counsel should have relieved him from procedural default. He claims a new rule of constitutional law demands this result.

Jones's Motion is nothing more than an attempt to raise claims which should be properly raised in a *habeas corpus* petition and I will construe it as such. Even if *Martinez/Trevino* announced a new rule of constitutional law, Jones must first obtain permission from the appropriate court of appeals prior to filing a successive petition.[4] The Eighth Circuit has specifically denied his

---

[4] Even the Court were to consider the *Martinez/Trevino* argument raised, the Eight Circuit has held this "narrow exception" does not apply to cases arising from state court convictions in Arkansas.

> *Martinez* does not apply here, because Arkansas does not bar a defendant from raising claims of ineffective assistance of trial counsel on direct appeal. Arkansas law permitted Dansby to raise a claim of ineffective assistance in a motion for new trial and on direct appeal.
>
> The Supreme Court in *Martinez* was clear that its "narrow exception" to *Coleman* was limited to the situation in which the State barred the defendant from raising a claim of ineffective assistance on direct appeal.

*Dansby v. Norris*, 682 F.3d 711, 729 (8th Cir. 2012).

request to raise this exact claim in a successive petition.  Accordingly, this Court lacks jurisdiction to consider the claims made in this Motion.  *See Burton v. Stewart*, 549 U.S. 147, 153 (2007).

**3. Recommendation:**

Accordingly, based on the foregoing, it is recommended the Petitioner's Motion for Relief from Judgment pursuant to FED.R.CIV.P. 60(b)(6) (ECF No. 76 and 77) be **DENIED**.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this **12th day of March 2015.**

    /s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE