IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MICHAEL L. JONES                                                                                    PLAINTIFF

v.                                          Case No. 4:99-cv-4134

WENDY KELLY, Director,                                                                         DEFENDANT
Arkansas Department of Corrections

## ORDER

Before the Court is the Report and Recommendation filed March 12, 2015 by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 78). Judge Bryant recommends that Plaintiff's Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b)(6), seeking relief from the judgment which dismissed his petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 (ECF No. 77), be denied. Plaintiff has filed objections to the Report and Recommendation. (ECF No. 81). After reviewing the record *de novo*, the Court adopts Judge Bryant's Report and Recommendation as its own.

Plaintiff was convicted of capital murder in Hempstead County, Arkansas in 1996. Plaintiff directly appealed his conviction and was denied. *See Jones v. State*, 328 Ark. 307, 942 S.W.2d 851 (Ark. 1997). In June 1997, Plaintiff filed a timely petition for post-conviction relief pursuant to Ark. R. Crim. P. 37. The trial court denied his petition and the Arkansas Supreme Court dismissed Plaintiff's appeal. *See Jones v. State*, 1999 WL 360268 (Ark. June 3, 1999) *per curiam*. In 1999, Plaintiff filed his first Petition for *habeas corpus* relief pursuant to 28 U.S.C. § 2254 in this Court. (ECF No. 1). After a hearing, this Court denied the petition as procedurally barred. (ECF Nos. 45-46). Plaintiff's subsequent request for a certificate of appealability was denied by the Eighth Circuit

in May 2001. (ECF No. 72). Plaintiff applied for permission to file a successive *habeas corpus* petition in April 2002. (ECF No. 73). This request was denied by the Eighth Circuit in July 2002. (ECF No. 74).

In February 2014, Jones filed a petition asking for permission to file a successive *habeas corpus* petition with the Eighth Circuit indicating that he wanted to raise ineffective assistance of counsel claims arising out of his 1996 conviction. Conceding that his claims were procedurally defaulted, Plaintiff asserted that such default should be excused pursuant to a new, retroactive rule of constitutional law. Plaintiff cited *Martinez v. Ryan*, ___ U.S. ___, 132 S.Ct. 1309 (2012), and *Trevino v. Thaler*, ___ U.S. ___, 133 S.Ct. 1911 (2013) to support his position. The Eighth Circuit, without addressing the merits of his case, denied his request to file a new petition. (ECF No. 75). *See Jones v. Hobbs*, No. 14-1342, (8th Cir. 2014). Plaintiff subsequently filed the present motion on March 4, 2015 (ECF No. 76) and an amended motion on March 6, 2015 (ECF No. 77) asking for Rule 60(b) relief.

Plaintiff makes many objections to Judge Bryant's Report and Recommendation. (ECF No. 81). In these objections, Plaintiff rehashes the same arguments that he has previously made to the Court and offers no specific objections to the Report and Recommendation that would justify departure from its findings. The Court agrees with Judge Bryant that Plaintiff's claim ultimately fails due to the fact that this is a successive habeas corpus petition disguised as a Rule 60(b)(6) motion. Although he filed the motion under Rule 60(b), this motion states a claim that was unsuccessfully brought by the petitioner in a previous proceeding.

A Rule 60(b) motion is a successive *habeas corpus* application if it contains a claim. *Ward v. Norris*, 577 F.3d 925, 933 (8th Cir. 2009). A claim is defined as an "asserted federal basis from

relief from a state court's judgment of conviction" or as an attack on the "federal courts previous resolution of the claims on the merits." *Id.* (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005)). "On the merits" refers to a determination regarding the existence of grounds entitling a petition to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d). *Gonzalez* at 532. Although brought as a Rule 60(b)(6) motion, Plaintiff is attempting to use the same argument that he used in his unsuccessful *habeas* petition before the Eighth Circuit. As the Eighth Circuit has previously ruled on his claim, this Court does not have the proper jurisdiction to hear this successive petition.

This case can be distinguished from cases that were successful in putting forth Rule 60(b) arguments. In *Gonzalez*, for example, the prisoner was challenging the fact that his previous petition had procedurally defaulted. *Id.* Here, Plaintiff is not challenging the fact that there was a procedural default or any other type of procedural issue. Plaintiff even admits that he procedurally defaulted in his response. In sum, Plaintiff is attempting to present new evidence and re-open his previously filed claims. This amounts to a collateral attack on his conviction and sentence, something that is properly brought in a *habeas corpus* petition.

Judge Bryant is also correct in stating that, even if the cases cited by Plaintiff have announced a new rule of constitutional law, Plaintiff must first obtain permission from the appropriate court of appeals prior to filing a successive petition. This is due to the fact that Plaintiff previously brought forth a *habeas corpus* challenge to his imprisonment. In determining whether these new claims can be brought forward, the Eighth Circuit must determine that the claim has not been previously raised and that it is sufficient to meet § 2244(b)(2)'s new rule provisions. *Ward*, 577 F.3d. at 932. Because Plaintiff has not received permission to file a successive petition, this Court does not have jurisdiction.

The Court overrules Plaintiff's objections and adopts Judge Bryant's Report and Recommendation. (ECF No. 78). For the reasons stated herein and above, as well as those contained in the Report and Recommendation, Plaintiff's Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b)(6) (ECF No. 77) is **DENIED.**

Also before the Court is Plaintiff's Motion for Leave to file an Amended and/or Supplemental Motion. (ECF No. 82). In this additional motion, Plaintiff asks to amend his original motion by adding case law that he claims he did not have the opportunity to include in his original motion. The Court finds that allowing an amendment would be futile. Even if Plaintiff were to add additional case law to support his position, it would not change the fact that this is a successive habeas petition that was denied by the Eighth Circuit. In order for this Court to have jurisdiction, Plaintiff must comply with procedural requirements which he has not yet met. For the reasons stated herein and above, Plaintiff's Motion for Leave to file an Amended and/or Supplemental Motion (ECF No. 82) is **DENIED**.

IT IS SO ORDERED, this 10th day of September, 2015.

          /s/ Harry F. Barnes
          Harry F. Barnes
          United States District Judge