IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MICHAEL L. JONES                                                                                  PETITIONER

v.                                        Civil No. 4:99-cv-4134

WENDY KELLY, Director,
Arkansas Department of Correction                                                          RESPONDENT

**REPORT AND RECOMMENDATION**

Petitioner, MICHAEL L. JONES (hereinafter "Jones"), an inmate confined in the Arkansas Department of Correction, Cummins Unit at Grady, Arkansas, has filed a Motion for Reconsideration (ECF No. 99) seeking to have the Court reconsider its Order denying relief on Jones's previous Motion pursuant to FED.R.CIV.P. 60(b)(6). (ECF No. 83). This matter was referred to the undersigned. For the reasons stated below, I recommend the Motion be denied.

**1. Procedural Background[1]:**

In 1996, Jones was convicted of capital murder in Hempstead County, Arkansas and sentenced to life imprisonment without parole in the Arkansas Department of Correction. Jones directly appealed his conviction. His conviction was affirmed on appeal. His state post-conviction preceding was dismissed without relief being granted.

On November 4, 1999, Jones filed his first Petition for *Habeas Corpus* relief pursuant to 28 U.S.C. § 2254 in this Court. ECF No 1. The Court denied the Petition, and the United States Court of Appeals for the Eighth Circuit denied Jones's request for a certificate of appealability on July 3, 2002. Thereafter, Jones sought to file a second or successive *habeas* petition. The Eighth Circuit,

---

[1] A more detailed factual and procedural background is set out in the Report and Recommendation (ECF No. 78) filed on March 12, 2015.

-1-

without addressing the merits of his petition, denied the request for leave to file a successive petition on July 7, 2014.  *See Jones v. Hobbs*, No. 14-1342 (8th Cir. 2014).

On March 4, 2015, Jones filed his Motion for Relief Pursuant to Rule 60(b)(6) seeking "to reopen the 1996 Habeas Corpus Proceeding" pursuant to the recent Supreme Court decision in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012).  That motion attempted to raise claims which should have been raised in a *habeas* proceeding, and Jones had not obtained permission from the Eight Circuit to raise such claims in a successive petition.  This Court denied the petition for lack of jurisdiction. ECF No. 83.  Jones sought a certificate of appealability which this Court also denied.  ECF No. 89. Jones then filed a notice of appeal and sought a certificate of appealability from the Eighth Circuit. The Eighth Circuit denied his request on May 23, 2017.  ECF No. 98.

**2. Discussion**:

Jones now asks this Court to reconsider its Order denying his request for Rule 60 relief.  His Motion for Reconsideration is again claiming entitlement to relief asserting he is not attacking the merits of the Court's prior determination.  However, it is clear from Jones's Motion that he is again attempting to raise a claim of ineffective assistance of counsel.  Such claim is proper in the context of a *habeas corpus* proceeding pursuant to 28 U.S.C. § 2254.  Jones has already litigated one such proceeding in this Court.  He has previously requested that he be allowed to proceed with a successive petition.  The Eighth Circuit denied his request.

This Court then denied a subsequent request pursuant to Rule 60(b)(6), making the same claims he makes now in this Motion to Reconsider.  He appealed that decision to the Eighth Circuit. The Eighth Circuit denied his request for certificate of appealability.

Even if there is some new rule of constitutional law applicable to his case or some newly

discovered evidence that might entitle to him to relief, Jones must first obtain permission from the appropriate court of appeals prior to filing a successive petition. In Jones's case, the Eighth Circuit has specifically denied his request to raise this exact claim in a successive petition. Accordingly, this Court lacks jurisdiction to consider the claims made in this Motion. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007).

**3. Recommendation:**

Accordingly, based on the foregoing, it is recommended the Jones's Motion for Reconsideration (ECF No. 99) be **DENIED**.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.**

**DATED** this **6th day of August 2015.**

    /s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE