IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MICHAEL L. JONES                                                                                     PETITIONER

v.                                          Case No. 4:99-cv-04134

WENDY KELLY, Director,
Arkansas Department of Correction                                                                    RESPONDENT

## ORDER

Before the Court is the Report and Recommendation filed August 6, 2018, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 103). Judge Bryant recommends that Petitioner Michael L. Jones' Motion for Reconsideration pursuant to Fed. R. Civ. P. 60(b)(6) (ECF No. 99), seeking to have the Court reconsider its Order denying Petitioner's previous Motion for Relief from Judgment, be denied.[1] Plaintiff has filed objections to the Report and Recommendation. (ECF No. 108). Plaintiff has also filed numerous other motions relating to his Rule 60(b)(6) motion.[2] The Court finds this matter ripe for consideration.

### I. BACKGROUND

In 1996, Jones was convicted of capital murder in Hempstead County, Arkansas, and sentenced to life imprisonment without parole in the Arkansas Department of Correction. Jones then directly appealed his conviction. The Arkansas Supreme Court affirmed the conviction and sentence, holding as follows:

> There is ample evidence of his guilt, and appellant does not challenge the sufficiency of the evidence to convict him; so we need not set out the facts in further

---
[1] This is Jones' second Rule 60(b)(6) motion requesting that the Court reopen *habeas corpus* proceedings.
[2] ECF Nos. 102, 103, 104, 106, 107, 109.

> detail. His sole point on appeal is that Ark. Code Ann. § 5–10–101 (Supp.1995), the capital murder statute is unconstitutional due to the "overlap" in the definitions of the capital felony murder and first-degree felony murder. Ark. Code Ann. § 5–10–102 (Repl.1993) . . . . [A]ppellant's argument has no merit. It is impossible to avoid the use of general language in the definition of offenses.

*Jones v. State*, 328 Ark. 307, 308, 942 S.W.2d 851, 852 (1997).

On June 24, 1997, Jones filed a timely petition for post-conviction relief pursuant to Ark. R. Crim. P. 37. The trial court denied the petition. The Arkansas Supreme Court dismissed the appeal because Jones failed to timely file an opening brief in conformity with the court's abstracting requirements despite being granted multiple extensions of time. *See Jones v. State*, 1999 WL 360268 (Ark. June 3, 1999).

On November 4, 1999, Jones filed his first Petition for *Habeas Corpus* relief pursuant to 28 U.S.C. § 2254 in this proceeding. (ECF No. 1). Following a hearing, this Court, denied the petition as procedurally barred. (ECF Nos. 45, 46). Jones sought to appeal the denial of his petition. The United States Court of Appeals for the Eighth Circuit denied Jones' request for a certificate of appealability on July 3, 2002.

In August 2013, Jones attempted to file a second petition for *habeas corpus* relief in this Court. On August 12, 2013, the Clerk of this Court, acting at the Court's direction, returned the petition to Jones and directed him to seek permission from the Eighth Circuit before filing the second and successive petition. Jones filed his Petition for Permission to File a Successive *Habeas* Petition on February 14, 2014. In this petition, Jones indicated he wanted to raise ineffective assistance of counsel claims arising out of his 1996 conviction for capital murder. Some of these claims had been previously raised and some were new. He acknowledged his claims were procedurally defaulted but asserted such default should be excused pursuant to *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), and *Trevino v. Thaler*, 133 S.Ct. 1911 (2013). He contended *Martinez* and

*Trevino* created a new rule of constitutional law which was made retroactive by the Supreme Court. The Eighth Circuit, without addressing the merits of his petition, denied the request for leave to file a successive petition on July 7, 2014. *See Jones v. Hobbs*, No. 14-1342 (8th Cir. 2014).

On March 4, 2015, Jones filed his first motion asking this Court for Rule 60(b)(6) relief. (ECF No. 77). The matter was referred to Judge Bryant to make a Report and Recommendation. Judge Bryant concluded that this Court did not have jurisdiction because Jones' Rule 60(b)(6) motion amounted to a demand for *habeas corpus* relief and Jones did not have permission from the Eighth Circuit Court of Appeals to file another *habeas corpus* petition. (ECF No. 78). The Court adopted Judge Bryant's Report and Recommendation. (ECF No. 83).

On May 18, 2018, Jones filed his second Rule 60(b)(6) motion requesting the Court reopen *habeas corpus* proceedings. (ECF No. 99). This motion was also referred to Judge Bryant to make a Report and Recommendation. After the referral to Judge Bryant, Jones filed multiple motions relating to his 60(b)(6) claim.

On August 6, 2018, Jones filed a motion to hold his pending Rule 60(b)(6) motion in abeyance. (ECF No. 102). Jones argues that holding this action in abeyance is necessary for him to exhaust state law remedies. On August 14, 2018, Jones, filed a motion requesting an extension of time to file objections to Judge Bryant's Report and Recommendation. (ECF No. 104). On August 20, 2018, Jones filed a motion asking leave of the Court to amend his pending Rule 60(b)(6) motion. (ECF No. 106). That same day, Jones also filed his amended motion for Rule 60(b)(6) relief. (ECF No. 107). Finally, on November 2, 2018, Jones filed his objections to Judge Bryant's Report and Recommendation (ECF No. 108) and a motion requesting leave of the Court to file a supplement to his amended motion for Rule 60(b)(6) relief (ECF No. 109).

3

## II.  DISCUSSION

Judge Bryant recommends denying Jones' Rule 60(b)(6) motion because it amounts to a successive *habeas corpus* petition filed without the Eighth Circuit's permission.  Jones has made numerous objections to Judge Bryant's Report and Recommendation.  (ECF No. 108).  Jones' objections were filed late.  However, the Court fully considers Jones' objections in deciding whether he is entitled to Rule 60(b)(6) relief.  Consequently, Jones' motion for an extension of time to file his objections (ECF No. 104) should be denied as moot.

In his objections, Jones repeats arguments that he has previously made to the Court and offers no specific objections to the Report and Recommendation that would justify departure from its findings.  The Court agrees with Judge Bryant that Jones' claim ultimately fails due to the fact that it is yet another successive *habeas corpus* petition disguised as a Rule 60(b)(6) motion. Although brought as a Rule 60(b)(6) motion, Jones is attempting to present evidence and re-open his previously filed claims.  This amounts to a collateral attack on his conviction and sentence, something that is properly brought in a *habeas corpus* petition.  Because Plaintiff has not received permission to file a successive *habeas* petition, this Court does not have jurisdiction.  *See Burton v. Stewart*, 549 U.S. 147, 153 (2007).  Moreover, Jones admits his pending Rule 60(b)(6) motion is insufficient to warrant relief from this Court.  *See, e.g.*, (ECF No. 108, p. 18).  Therefore, the Court overrules Jones' objections and adopts Judge Bryant's Report and Recommendation *in toto*. (ECF No. 103).  Accordingly, Jones' motion for Rule 60(b)(6) relief (ECF No. 99) should be denied.

Also, before the Court are Jones' motions to hold action in abeyance and amend and supplement his motion for Rule 60(b)(6) relief.  (ECF Nos. 102, 103, 106, 107, 109).  Upon consideration, the Court finds that granting any of these motions would be futile.  Even if Jones

were to add additional persuasive law or argument to support his position, it would not change the fact that this is a successive *habeas* petition filed without the Eighth Circuit's permission. In order for this Court to have jurisdiction, Jones must comply with procedural requirements which he has not yet met. Therefore, Jones' pending motions relating to his Rule 60(b)(6) motion (ECF Nos. 102, 106, 107, 109) should be denied.[3]

### III. CONCLUSION

For the foregoing reasons, the Court adopts Judge Bryant's Report and Recommendation (ECF No. 103) *in toto*. Accordingly, Jones' motion for Rule 60(b)(6) relief (ECF No. 99) should be and hereby is **DENIED**. Also for the above stated reasons, Jones' motion for an extension of time to file his objections to Judge Bryant's Report and Recommendation (ECF No. 104) should be and hereby is **DENIED AS MOOT**. Moreover, because the Court lacks jurisdiction over this matter, Jones' other pending motions (ECF Nos. 102, 106, 107, 109) should be and hereby are **DENIED**.

**IT IS SO ORDERED**, this 28th day of November, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

[3] The Court notes that Jones' amended rule 60(b)(6) motion (ECF No. 107) should have been filed as an attachment to Jones' motion seeking leave to amend (ECF No. 106) pursuant to Local Rule 5.5(e). However, to the extent that ECF No. 107 is a motion seeking relief from judgement, it is **DENIED** for the above reasons.