IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MICHAEL L. JONES                                                                                                    PETITIONER

v.                                            Case No. 4:99-cv-4134

WENDY KELLY, Director,
Arkansas Department of Correction                                                                    RESPONDENT

## ORDER

On November 28, 2018, the Court denied Petitioner's second Motion to Reconsider pursuant to Federal Rule of Civil Procedure 60(b)(6). The Court also denied six other motions relating to Petitioner's Rule 60(b)(6) motion for lack of jurisdiction. At present, there are no pending motions docketed.

Petitioner is currently incarcerated in the Cummins Unit of the Arkansas Department of Correction serving a sentence of life imprisonment without parole. On November 12, 2013, Petitioner filed his second petition for *habeas corpus* relief with this Court. Petitioner's petition was returned, and Petitioner was instructed that he needed permission from the Eighth Circuit Court of Appeals to file a successive *habeas* petition. The Eighth Circuit subsequently denied Petitioner's request to file a successive petition for *habeas* relief.

In an attempt to subvert the Eighth Circuit's ruling, Petitioner has begun filing *habeas corpus* petitions disguised as Rule 60(b)(6) motions. Petitioner's motions effectively amount to moving the Court to reconsider past denied motions to reconsider and reargue the same points raised before the Eighth Circuit when Petitioner was denied permission to file a successive *habeas*

petition.[1]  Moreover, Petitioner has filed at least twenty other motions in support of his effort to reopen *habeas* proceedings.

Petitioner has been repeatedly informed that his Rule 60 motions amount to successive *habeas corpus* petitions that the Court cannot exercise jurisdiction over unless Petitioner obtains the Eighth Circuit's permission.  The Court finds these frivolous motions disruptive to the Court's docket and an unnecessary use of the Court's resources.  Thus, the Clerk of Court is directed to docket no further motions from Plaintiff in this case without prior approval from the Court.  The Clerk shall inform the Court if further motions are received from Plaintiff, and the Court will instruct the Clerk on whether to docket the motions.  Until further order of this Court, the Clerk is directed to return to Plaintiff any tendered motions not approved by the Court.

**IT IS SO ORDERED**, this 28th day of November, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

[1] Including amended and supplemental motions, Petitioner has filed at least five Rule 60 motions requesting *habeas* relief.